Brenna B. Bell, OSB # 05199
Bark
P.O. Box 12065
Portland, OR 97232
Tel: 971-358-2271
Email: brenna@bark-out.org

Jennifer R. Schwartz, OSB #072978
Law Office of Jennifer R. Schwartz
2521 SW Hamilton Court
Portland, Oregon 97239
Tel: 503-780-8281
Email: jenniferroseschwartz@gmail.com

Nicholas S. Cady (OSB # 113463)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463
Email: nick@cascwild.org

  Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF OREGON

| | |
|---|---|
| **BARK**, **CASCADIA WILDLANDS**, **OREGON WILD**, Oregon nonprofit corporations,<br>  Plaintiffs,<br><br>    v.<br><br>**UNITED STATES FOREST SERVICE**, a federal agency,<br>  Defendant,<br><br>  and<br><br>**HIGH CASCADES, INC.** a Washington corporation,<br>  Defendant-Intervenor. | Case No.: 3:18-cv-01645-MO<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiffs hereby move for an award of attorneys' fees and costs in connection with the Ninth Circuit Court of Appeals' April 3, 2020 Opinion and the Oregon District Court's September 25, 2020 Order of Remand (Dkt # 81) in Plaintiffs' favor. The Court is authorized to award Plaintiffs their reasonable attorneys' fees and litigation expenses against Defendant U.S. Forest Service in this case pursuant to EAJA, which provides:

> Except as otherwise specifically provided by statute, a court shall award to the prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Plaintiffs are entitled to recovery of reasonable attorneys' fees and litigation expenses incurred in this matter under EAJA because Plaintiffs are eligible parties as defined under EAJA; they are the prevailing parties in this litigation, including by having the Court issue an Order and Judgment in plaintiffs' favor as to the challenged agency decision; there are no special circumstances that would make an award unjust; and Forest Service's position was not substantially justified.

Plaintiffs request, however, that the Court not take action on this application at this time. Plaintiffs and the Defendant Forest Service are currently in negotiations regarding Plaintiffs' claim for fees and expenses. They are trying to reach an agreement without the need for any further action by this Court. Accordingly, Plaintiffs and Defendant are concurrently filing a joint motion to stay further proceedings on this application until February 1, 2021, by which date the parties will submit a Joint Status Report to the Court. If settlement negotiations are unsuccessful, they will include a proposed schedule for further proceedings.

2 – PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Should the parties' settlement negotiations fail, Plaintiffs will amend this application and support it with all remaining required documentation. *See United States v. Hristov*, 396 F.3d 1044 (9th Cir. 2005) (a petitioner can amend a timely-filed motion for attorney fees after statutory deadline has passed).

## ARGUMENT

### I.  CONGRESS DESIGNED EAJA TO COMPENSATE PLAINTIFFS WHO ENFORCE THE GOVERNMENT'S COMPLIANCE WITH THE LAW.

EAJA provides that "a court shall award . . . fees and other expenses" to a "prevailing party" in proceedings for judicial review of agency action. 28 U.S.C. §2412(d)(1)(A). "A prevailing party is entitled to an award of attorneys' fees unless the position of the agency was substantially justified . . . or special circumstances make an award unjust." *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996). "The specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

### II.  THIS APPLICATION IS TIMELY.

The Ninth Circuit has held that the "30–day period during which an applicant can file for EAJA fees begins to run only after the 90–day time for filing a petition for writ of certiorari with the Supreme Court has expired," *Al–Harbi v. INS,* 284 F.3d 1080, 1083–84 (9th Cir.2002); that "EAJA's 120–day clock begins to tick when our judgment or order is issued," *Zheng v. Ashcroft,* 383 F.3d 919, 921 (9th Cir.2004) (order); and that "[b]ecause filing a petition for rehearing or a petition for rehearing en banc tolls the time period for filing a petition for a writ of certiorari, *see* Sup.Ct. R. 13(3), it follows that the EAJA clock[is] similarly tolled." *Id.* at 921 n. 3.  In this case, the Ninth Circuit denied Defendant's petition for rehearing on August 25th, 2020,

3 – PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

which is the operative "order" that starts the EAJA clock ticking. *See* Denial of Rehearing (Dkt #79). As this motion falls within the 120-day period following that denial, it is timely.

### III. PLAINTIFFS ARE ELIGIBLE FOR AN AWARD OF FEES AND EXPENSES UNDER EAJA.

A litigant is eligible for an award under EAJA if it is (1) a "prevailing party" (2) that meets applicable size or net worth criteria. 28 U.S.C. § 2412(d)(1)(B). Plaintiffs meet EAJA's size and net worth criteria because all organizations have fewer than 500 employees and a net worth below $7,000,000 at the time this action was filed. See Decl. of Josh Laughlin ¶ 2 (statement of executive director, filed herewith); Decl. of Sean Stevens ¶ 2 (statement of executive director, filed herewith); Decl. of Nakisha Nathan ¶ 2 (statement of executive director, filed herewith).

Plaintiffs are prevailing parties. A party prevails if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There can be no doubt that Plaintiffs are the "prevailing party" within the meaning of EAJA, because the Court of Appeals entered an Opinion & Order granting Plaintiffs' motion for summary judgment based on the Forest Service's arbitrary and capricious failure to analyze the Crystal Clear Restoration Project in an Environmental Impact Statement (EIS) as required by the National Environmental Policy Act (NEPA). The Court required the Forest Service to prepare an EIS for the project, and Plaintiffs achieved the precise benefit they sought in bringing the suit: preventing the logging of mature and old growth forests in critical spotted owl habitat without an adequate analysis about increasing the fire hazard and without adequately accounting for the cumulative impacts of such logging, especially to threatened northern spotted owls.  *See* Nathan Decl. ¶ 3.

4 – PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

### IV. PLAINTIFFS ARE ENTITLED TO AN AWARD OF COSTS, FEES, AND OTHER EXPENSES UNDER EAJA.

"Once a party's eligibility has been proven, an award of fees under EAJA is mandatory unless the government's position is substantially justified or special circumstances exist that make an award unjust." *Love v. Reilly*, 924 F.2d 1492 (9th Cir. 1991). The burden is on the agency to prove that its position was substantially justified or that special circumstances exist. *Mendenhall*, 92 F.3d at 874; *Love,* 924 F.2d at 1495. To meet this burden, the agency must prove that its position had a reasonable basis in both fact and law. *Pierce v. Underwood*, 487 U.S. 552, 556 (1988).

Here, the position of the Forest Service was not substantially justified and no special circumstances exist that would make an award unjust. Ordinarily, if a court finds an agency action arbitrary and capricious, such action was not substantially justified for purposes of EAJA, absent extenuating circumstances. *See, e.g., Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501-02 (10th Cir. 1991) (explaining that a finding that the government's action was "arbitrary and capricious" strongly suggests that its position was not "substantially justified"). Despite multiple opportunities to correct flaws in its project throughout the administrative review process, the Forest Service still failed to comply with fundamental requirements under NEPA aimed at ensuring meaningful scientific analysis and informed agency decisionmaking. This ultimately led to the Appellate Court instruction that the Forest Service prepare an EIS, and to this court remanding the matter to the Forest Service for further proceedings consistent with the Appellate Court opinion. *See* Order of Remand (Dkt #81).

### V. BECAUSE PLAINTIFFS HAVE SATISFIED THE STATUTORY CRITERIA, THEY ARE ENTITLED TO AN AWARD OF FEES AND COSTS.

For the foregoing reasons, Plaintiffs are entitled to an award of attorneys' fees and costs.

5 – PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs file a summary of fees and costs to which they are entitled. If the parties are unable to settle Plaintiffs' claim for attorneys' fees and costs at the appropriate juncture, Plaintiffs will file declarations prepared by Plaintiffs' counsel, setting forth the time expended on the case and the hourly rates to which Plaintiffs believes their attorneys are entitled, as well as additional declarations and other evidence supporting the claim for recovery of reasonable fees and costs.

Respectfully submitted this 16th day of December, 2020.

*/s/ Brenna Bell*

Brenna Bell (OSB # 015199)
Tel: 971-358-2271
Email: brenna@bark-out.org

*Counsel for Plaintiffs*