JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

SHAUN M. PETTIGREW (MN Bar No. 0390530)
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(206) 526-6881
shaun.pettigrew@usdoj.gov

KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 305-0486
krystal-rose.perez@usdoj.gov

*Counsel for Federal Defendant*

Brenna B. Bell, OSB # 05199
Bark
P.O. Box 12065
Portland, OR 97232
(971) 358-2271
brenna@bark-out.org

Jennifer R. Schwartz, OSB # 072978
Law Office of Jennifer R. Schwartz
2521 SW Hamilton Court
Portland, OR 97239
(503) 780-8281
jenniferroseschwartz@gmail.com

Nicholas S. Cady, OSB # 113463
Cascadia Wildlands
P.O. Box 10455
Eugene, OR 97440
(541) 434-1463
nick@cascadiawild.org

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

**BARK, CASCADIA WILDLANDS,**
**OREGON WILD**, and
**WILDEARTH GUARDIANS**

Plaintiffs,

v.

**U.S. FOREST SERVICE**, a federal agency,

Federal Defendant,

and

**HIGH CASCADE INC.**

Intervenor Defendant.

Case No.: 3:18-cv-01645-MO

**STIPULATED SETTLEMENT**
**AGREEMENT AND**
**RELEASE**

WHEREAS Plaintiffs Bark, Cascadia Wildlands, Oregon Wild, and WildEarth Guardians alleged in the above-captioned case (Lawsuit) that the United States Forest Service (Federal Defendant) violated the National Environmental Policy Act (NEPA), the National Forest Management Act (NFMA), and the Forest Service's Travel Management Rule.

WHEREAS, the District Court issued an Opinion and Order dated June 18, 2019, granting summary judgment in favor of Federal Defendant on all claims, ECF No. 64.

WHEREAS, Plaintiffs appealed the Opinion and Order's holdings with respect to the NEPA and NFMA claims.

WHEREAS, the United States Court of Appeals for the Ninth Circuit issued an Order and Opinion dated May 4, 2020, finding Federal Defendant violated NEPA, ECF No. 74, and issued its formal mandate on September 2, 2020, ECF No. 80.

WHEREAS, the District Court issued an Order of Remand dated September 25, 2020, ordering this matter be remanded to Federal Defendant for further proceedings, ECF No. 81.

WHEREAS, Plaintiffs filed a Motion for Attorneys' Fees and Costs (Motion), on December 16, 2020, seeking attorneys' fees and costs under the Equal Access to Justice Act (EAJA), ECF No. 84.

WHEREAS, Plaintiffs and the U.S. Forest Service wish to avoid litigation over Plaintiffs' alleged entitlement to attorneys' fees and costs for this lawsuit.

NOW, THEREFORE, through their undersigned counsel, Plaintiffs and Federal Defendant hereby enter into this Stipulated Settlement Agreement and Release (the Agreement), and stipulate and agree as follows:

1.    Subject to Paragraph 2, the Parties agree to settle Plaintiffs' claims for attorneys' fees and costs in this litigation for a total payment of three-hundred and twelve thousand

seven-hundred and thirty dollars ($312,730), pursuant to EAJA, 28 U.S.C. § 2412 *et seq.*, and/or any other statute, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorneys' fees and/or litigation expenses in this matter.

2.      Federal Defendant's payment, as identified in Paragraph 1 above, shall be accomplished by electronic funds transfer to Bark on behalf of Plaintiffs.  Counsel for Plaintiffs will provide counsel for Federal Defendant the appropriate account number and other information needed to facilitate payment.  Federal Defendant shall submit the necessary paperwork for the payment within thirty (30) calendar days after the later of the date that both parties' counsel have signed this agreement or Plaintiffs' counsel provides the information necessary to facilitate payment.  Counsel for Federal Defendant agrees to assist the Counsel for Plaintiffs in following up with the appropriate office(s) if payment is not received within thirty (30) calendar days after the paperwork for processing of the payment has been submitted.

3.      Bark acknowledges that it is receiving payment on behalf of Plaintiffs and that it will distribute the appropriate settlement proceeds to Plaintiffs.  Plaintiffs agree to this procedure.  Counsel for Plaintiffs shall confirm payment within ten (10) days of receipt. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

4.      Plaintiffs and their counsel agree to hold harmless Federal Defendants in any

litigation, further suit, or claim arising from the payment of the agreed upon $312,730

settlement amount.

5.      In acknowledgment of and in exchange for the promises and other consideration

contained in this Agreement and after the payment by Federal Defendant to Plaintiffs

referenced in paragraphs 1 through 3 above, Plaintiffs hereby release Federal Defendant

and all past, present, and future officers, agents, representatives, and employees of the

United States Department of Agriculture of and from any and all claims and causes of

action whatsoever that Plaintiffs ever had, now has, or hereafter may have for attorneys'

fees and costs related to the Lawsuit or to this Agreement.  Plaintiffs agree to withdraw

their Motion within fourteen days of receipt of the payment referenced in paragraphs 1

and 2 above.

6.      This Agreement does not constitute, and shall not be construed as, an admission

or concession on the part of any party with respect to any fact, claim, or defense in this

action.  Federal Defendant does not waive any defenses it may have concerning the

claims settled under this Agreement.  This Agreement has no precedential value and shall

not be used as evidence of such in any litigation, except as necessary to enforce the terms

of this Agreement.

7.      No provision of this Agreement shall be interpreted as, or constitutes, a

commitment or requirement that Federal Defendant is obligated to spend funds in

violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8.      The Agreement contains all of the agreement between Plaintiffs and Federal

Defendant, and is intended to be the final and sole agreement between them.  Plaintiffs

and Federal Defendant agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9.      The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of the Agreement and do hereby agree to the terms herein.

Respectfully submitted, this 2nd day of February 2021.


JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division


/s/Shaun M. Pettigrew
SHAUN M. PETTIGREW (MN Bar No. 0390530)
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(206) 526-6881
shaun.pettigrew@usdoj.gov

KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
Trial Attorney
Natural Resources Section
150 M Street NE
Washington, DC 20002
Phone: (202) 305-0486
Fax:  (202) 305-0506
krystal-rose.perez@usdoj.gov

*Counsel for Federal Defendant*


/s/Brenna B. Bell
Brenna B. Bell, OSB # 05199

Bark
P.O. Box 12065
Portland, OR 97232
(971) 358-2271
brenna@bark-out.org

Jennifer R. Schwartz, OSB # 072978
Law Office of Jennifer R. Schwartz
2521 SW Hamilton Court
Portland, OR 97239
(503) 780-8281
jenniferroseschwartz@gmail.com

Nicholas S. Cady, OSB # 113463
Cascadia Wildlands
P.O. Box 10455
Eugene, OR 97440
(541) 434-1463
nick@cascadiawild.org

*Counsel for Plaintiffs*